UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| RONNIE D. SPANN, JR., | ) |
| | ) |
| Petitioner, | ) Civil No. 0:18-009-HRW |
| | ) |
| v. | ) |
| | ) |
| THOMAS SMITH, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Ronnie D. Spann, Jr., is a prisoner at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Spann has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [D. E. No. 1]. For the reasons set forth below, the Court will deny Spann's petition.

In November 2016, a prison officer conduct a pat down search of Spann and found Buspirone and Hydrochlorothiazide pills in his possession. [D. E. No. 1-2 at 7]. Spann admitted to the officer that he did not have a prescription for either medication, and the officer confirmed this fact with the prison's medical team. [Id.]. The officer then took Spann to the prison's special housing unit and filled out an incident report charging him with a Code 113 offense for "possession of any narcotics, drugs, or alcohol not prescribed to the individual by the medical staff." [Id. at 6-7].

1

A disciplinary hearing was held a few days later. [Id. at 6-8]. At the hearing, Spann admitted that he possessed the Buspirone and Hydrochlorothiazide pills. [Id.]. In light of that admission and the information provided by the officer who conducted the search, the discipline hearing officer (DHO) concluded that Spann committed the Code 113 offense. [Id.]. The DHO ordered that Spann lose 40 days of good conduct time, and he also imposed a series of other sanctions. [Id. at 8].

Spann appealed the DHO's decision administratively within the Bureau of Prisons, but his efforts were unsuccessful. [Id. at 1-5]. Spann then filed his § 2241 petition with this Court. Ultimately, Spann does not dispute that he possessed the Buspirone and Hydrochlorothiazide pills and that he did not have a prescription for this medication; instead, he argues that those pills were not "narcotics" and, thus, he could not have committed a Code 113 offense.

Spann's argument regarding the Buspirone and Hydrochlorothiazide pills is simply unavailing. While Spann repeatedly stresses the fact that "he was not in possession of any narcotic" and that "both pills possessed . . . were non-narcotics" [D. E. No. 1-1 at 3], he ignores the plain language of the charge against him. Code 113 prohibits prisoners from possessing "*any* narcotics, marijuana, *drugs*, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff." BOP Program Statement 5270.09, Inmate Discipline Program, Code 113 (emphasis added). Thus, by its own terms, Code 113 prohibits the possession of

2

drugs that are not narcotics. So, even if Buspirone and Hydrochlorothiazide are not narcotics, they are still drugs that Spann possessed and was not prescribed. In short, there is clearly some evidence in the record to support the DHO's decision in this case, and there is no indication from Spann's submissions that his procedural rights were violated.

Accordingly, it is hereby **ORDERED** as follows:

1. Spann's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 6th day of February, 2018.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**